THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONIDIS RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County, rendered on January 14, 1976, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (Penal Law, § 220.43), and sentencing him to an indeterminate term of 15 years to life, unanimously affirmed. Guilt was established beyond a reasonable doubt, but

one point raised on appeal warrants comment. During cross-examination of Officer Bramble, an undercover officer, he was questioned as to the date of arrest of Rodriguez' codefendant, Jose Seda, who had died after the indictment but prior to trial. The thrust of the cross-examination was to establish that Seda had never been arrested. If that fact could be established it would discredit the officer's version of the drug sale in question. After testifying that there had in fact been an arrest, Bramble indicated an approximate date, and responded affirmatively when questioned whether there was a record of the arrest. He was then asked whether he would search for and make available the document. The officer indicated that he would and the court made a direction to that effect. Shortly thereafter cross-examination ended, and the trial itself concluded without further request for the arrest record. In summation defense counsel commented on the failure to produce the document. During the course of the People's summation, the prosecutor stated "if defense counsel had asked again that report is in this briefcase." The court immediately gave a curative instruction as to that remark. The documents alluded to are part of the appellate record and do in fact establish that Seda had been arrested. Moreover, they are consistent with the testimony of Officer Bramble as to the date of arrest. Although Bramble participated as a cosignatory of one of the reports, the other report was made out by other officers. The document which Bramble had no hand in preparing would not constitute *Rosario* material, in any event, and the dates contained in the records confirmed the witness' testimony on cross-examination as to the date of Seda's arrest. Accordingly, in the circumstances, the failure to turn over these records does not compel reversal. We do, however, indicate our displeasure at the conduct of the prosecutor in failing to turn over this information voluntarily after the court's direction to make the records available. It was not incumbent upon the defense attorney to make an additional request. We find that the court's curative instruction adequately dealt with the prosecutor's comments on summation, and note that the other points raised on appeal are without merit. Concur—Lupiano, J. P., Fein, Markewich, Sandler and Sullivan, JJ.